# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-60018
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
July 28, 2025

Lyle W. Cayce
Clerk

Alvaro Israel Padilla-Rostran,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A215 878 020

---

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Alvaro Israel Padilla-Rostran, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal of an immigration judge's (IJ's) denial of, *inter alia*, asylum and withholding of removal. Padilla first contends that the BIA erred in affirming the IJ's adverse-credibility determination.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60018

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence; its legal conclusions, *de novo. Id.* Findings of fact, including an applicant's eligibility for asylum, withholding of removal, and relief under CAT, are reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted).

The BIA affirmed the IJ's adverse-credibility determination based on several inconsistencies in the record, which Padilla now challenges by contending only that he "explained and clarified" any inconsistencies. (Arguably he fails to adequately brief this contention.) The BIA, however, is not bound to accept his explanations for them. *E.g.*, *Santos-Alvarado v. Barr*, 967 F.3d 428, 437 (5th Cir. 2020). Our review of the record shows that the BIA's adverse-credibility determination is grounded in "specific and cogent reasons derived from the record", *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018) (citation omitted), and Padilla falls far short of showing anything *compelling*, as required, a contrary conclusion. *E.g.*, *Revencu*, 895 F.3d at 401.

The adverse-credibility determination suffices to deny Padilla's claims for asylum and withholding. *See Arulnanthy v. Garland*, 17 F.4th 586, 597 (5th Cir. 2021) (adverse-credibility determination forecloses asylum application); *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006) ("failure to establish eligibility for asylum is dispositive of claims for withholding of removal"). Accordingly, we need not consider his remaining contentions.

No. 25-60018

*See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976); *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693–94 (5th Cir. 2023).

DENIED.